# EXHIBIT B

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) | |
|---|---|
| **JULY 2022** | **000782** |
| E-Filing Number: 2207018332 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CHARLENE JOYNER | OFM, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 916 SAINT VINCENT STREET<br>PHILADELPHIA PA 19111 | 4700 WISSAHICKON AVENUE<br>PHILADELPHIA PA 19144 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | OFM, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 161 TRADITION TRAIL<br>HOLLY SPRINGS NC 27540 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | JOHN DOE |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 123 MAIN STREET<br>ANYWHERE PA 00000 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | |
|---|---|---|---|
| 1 | 3 | ☒ Complaint       ☐ Petition Action       ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce       ☐ Settlement<br>☐ Minor Court Appeal   ☐ Minors<br>☐ Statutory Appeals   ☐ W/D/Survival |

**CASE TYPE AND CODE**

2P - PRODUCT LIABILITY

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY**<br>JUL 12 2022<br>**S. RICE** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES       NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>CHARLENE JOYNER</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| LOUIS B. HIMMELSTEIN | LOUIS B HIMMELSTEIN&ASSOCIATES<br>1420 WALNUT ST<br>SUITE 1000<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)790-9996 | (215)790-9055 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 41140 | lawyers@himmelsteinlawoffices.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *LOUIS HIMMELSTEIN* | Tuesday, July 12, 2022, 09:08 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
ID# 41140
By: BRETT M. WALKER, ESQUIRE
ID# 323003
1420 Walnut Street-Suite 1000
Philadelphia, Pennsylvania 19102
(215) 790-9996
Attorney for Plaintiff

*Filed and Attested by the Office of Judicial Records 12 JUL 2022 09:08 am S. RICE*

| | | |
|---|---|---|
| Charlene Joyner | : | **COURT OF COMMON PLEAS** |
| 916 Saint Vincent St., Philadelphia, PA 19111 | : | **PHILADELPHIA COUNTY** |
| vs. | : | |
| OFM, Inc. | : | |
| 4700 Wissahickon Ave, Philadelphia, PA 19144 | : | TERM 2022 |
| and | : | |
| OFM, LLC | : | No.: |
| 161 Tradition Trail, Holly Springs, NC 27540 | : | |
| and | : | |
| John Doe | : | |
| 123 Main Street, Anywhere USA 00000 | : | |

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUR WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiendades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO

ENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
One Reading Center, Filadelfia, Pennsylvania 19107
(215)-238-6333

Case ID: 220700782

Case ID: 220700782

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
ID# 41140
By: BRETT M. WALKER, ESQUIRE
ID# 323003
1420 Walnut Street-Suite 1000
Philadelphia, Pennsylvania 19102
(215) 790-9996
Attorney for Plaintiff

| | |
|---|---|
| Charlene Joyner | **COURT OF COMMON PLEAS** |
| 916 Saint Vincent St., Philadelphia, PA 19111 | **PHILADELPHIA COUNTY** |
| vs. | |
| OFM, Inc. | |
| 4700 Wissahickon Ave, Philadelphia, PA 19144 | TERM 2022 |
| and | |
| OFM, LLC | No.: |
| 161 Tradition Trail, Holly Springs, NC 27540 | |
| and | |
| John Doe | |
| 123 Main Street, Anywhere USA 00000 | |

<u>**C O M P L A I N T**</u>

**COMES NOW**, Plaintiff, **Charlene Joyner,** by and through her counsel, Louis B. Himmelstein & Associates, P.C., and claims damages of the Defendants, individually, jointly and/or severally, upon a cause of action whereof the following is a statement:

1. Plaintiff, **Charlene Joyner**, is an adult individual, citizen and resident of the City of Philadelphia, Commonwealth of Pennsylvania, residing at the above captioned address and at all times herein material Plaintiff, **Charlene Joyner,** was caused to injured due to the negligence and/or liability producing conduct of the Defendants.

2. Defendant, **OFM, Inc.,** (hereinafter also referred to as product Defendant and/or Defendant(s)) is a North Carolina partnership, limited liability company, corporation or other similar entity regularly doing business in the City of Philadelphia, Commonwealth of Pennsylvania, and at all times herein material Defendant did own, and/or possess, and/or control, and/or maintain, and/or operate a certain retail business and/or manufacturing business and/or product design business, and it is further averred that Defendant did cause and allow a dangerous condition to exist in the product it sold,

Case ID: 220700782

designed and/or manufactured, namely a chair and it is further believed and therefore averred that Defendant was charged with the responsibility to manufacture, design, control and inspect the chair and/or office furniture, and at all times herein material Defendant had a duty to design and manufacture and inspect and perform proper testing on the product prior to selling it and placing it in the stream of commerce.

3.   Defendant, **OFM, LLC.,** (hereinafter also referred to as product Defendant and/or Defendant(s)) is a North Carolina partnership, limited liability company, corporation or other similar entity regularly doing business in the City of Philadelphia, Commonwealth of Pennsylvania, and at all times herein material Defendant did own, and/or possess, and/or control, and/or maintain, and/or operate a certain retail business and/or manufacturing business and/or product design business, and it is further averred that Defendant did cause and allow a dangerous condition to exist in the product it sold, designed and/or manufactured, namely a chair and it is further believed and therefore averred that Defendant was charged with the responsibility to manufacture, design, control and inspect the chair and/or office furniture, and at all times herein material Defendant had a duty to design and manufacture and inspect and perform proper testing on the product prior to selling it and placing it in the stream of commerce.

4.   Defendant, **John Doe**, is a fictitious entity/party meant to represent the owner and/or possessor, and/or controller, and/or maintainer, and/or operator of a certain retail business and/or manufacturing business and/or product design business and/or other commercial business, who otherwise contributed to the reckless, wrongful, negligent, and/or liability producing conduct complained of in this complaint which brought about the harm complained of herein. After a reasonable search, the actual name of this fictitious party is unknown. Within 20 days after the actual name of the Defendant has been identified, Plaintiff will file a motion to amend the complaint replacing the Doe designation with the actual name.

Case ID: 220700782

5.     At all times herein material, Defendants were either acting individually and/or on each other's, behalf and/or by and through their/its/his/his duly authorized agents, servants, workmen, bailees and/or employees all of whom were acting in the course and scope of their/his/its employment and in the furtherance of each of the Defendants' businesses and affairs.

6. It is believed and therefore averred that Defendants, **OFM, Inc. and/or OFM,LLC**, manufactured and/or supplied and/or designed and placed in the stream of commerce the chair and/or office chair that is the subject of this action and at all times herein material, supplied  said chair  to plaintiff's employer and/or ultimate consumers, which chair posed a danger and hazard to persons using and/or sitting on the chair such as Plaintiff. A picture of the product which is the subject of this complaint is attached as exhibit "A."

7. On or about January 23, 2021, and for a long time prior thereto, there did exist, a hazardous condition with the product wherein the chair and/or furniture and/or component parts, slide and/or move and/or skid and/or tip over and/or otherwise throw the user (hereinbefore and hereinafter collectively also referred to as dangerous condition) which was left unattended and/or unaddressed by the product  Defendants, notwithstanding notice and inspection of this dangerous condition by its employees, which condition presented an unreasonable risk of harm, a snare, trap and danger to consumers and/or users and/or individuals such as Plaintiff, **Charlene Joyner.**

8. On or about January 23, 2021 Plaintiff Charlene Joyner was working at Temple University Hospital main campus as a floating nurse when she was seated on the subject chain at which place and time  the chair skidded out from under her and tipped forward sending plaintiff forward onto the floor.

9. At all times herein material, the product Defendant, **OFM, Inc. and/or OFM, LLC**, did own and/or possess and/or control and/or manage and/or maintain and/or operate a certain retail business and/or design business and/or manufacturing business, and/or safety testing and

legal compliance business wherein it manufactured and/or designed and/or sold and/or tested products which are sold to consumers and Defendant did sell/provide said chair and/or office furniture to plaintiff's employer and/or ultimate consumers and/or businesses to be used by its employees, and the Product was in such a defective and hazardous condition that it posed a danger to users.

10. It is believed and therefore averred that the Defendant, **OFM, Inc. and/or OFM, LLC** caused its/their respective product(s) to be sold to the public and did place it/them into the stream of commerce and the chair was sold throughout Philadelphia, PA.

11. On the date in question plaintiff Charlene Joyner, was caused to fall off and/or from the chair as a result of its defective designs.

12. On the aforesaid date, and for a long time prior thereto, there did exist, a hazardous condition with the chair due to its defective design, as the chair that was manufactured by the product defendants would tip over and/or tip forward and/or skid out from under the user as people such as plaintiff were sitting on it and its unstable condition would cause people to fall from the chair (hereinafter collectively also referred to as dangerous condition) which was left unattended by the Defendants, notwithstanding notice and inspection of this dangerous and hazardous condition by its employees, which condition presented an unreasonable risk of harm, a snare, trap, obstruction and impediment to users such as Plaintiff, **Charlene Joyner**.

13. Plaintiff, **Charlene Joyner**, avers that the Defendants knew and/or in the exercise of reasonable care should have known of the dangerous condition, prior to the incident and that the Defendants had a duty to inspect, maintain, repair and/or otherwise correct and remove the aforementioned dangerous condition from the product but had failed to properly do so.

14. Plaintiff avers that the aforesaid defect and/or otherwise dangerous condition was apparent, open and visible to the Defendants, and existed for a sufficient length of time prior to the aforesaid occurrence for the Defendants to have had actual and constructive knowledge thereof.

Case ID: 220700782

15. All of the Defendants had a duty to maintain, repair, remove and/or otherwise correct the aforementioned dangerous condition but had failed to properly do so, which dangerous condition caused Plaintiff, **Charlene Joyner,** to be injured while sitting on the chair designed and manufactured by the defendants.

16. At all times herein material, the chair in question was unsafe and hazardous and presented a hazard to consumers and users, and this hazard existed for an unreasonably long period of time prior to the incident, and it is further averred that all of the Defendants were aware of the irregularity, defect, and/or other problem that existed with the chair but failed to take the necessary action to remove it/them from the market, notify all potential users of the product, and/or remove it from the aforementioned premises.

17. Plaintiff, **Charlene Joyner,** avers that the Defendants knew or in the exercise of reasonable care should have known of the dangerous condition of the chair and that the Defendants had a duty to inspect, design, manufacture, test, supply, maintain, and/or otherwise correct, remove and recall the product from the market but had failed to properly do so.

18. At all times herein material, the chair, including the component parts were being used in a normal, usual, foreseeable and reasonable manner and it is averred that plaintiff was caused to fall off the chair as a result of the liability producing conduct of the defendants.

19. The aforesaid incident was caused solely by the carelessness, recklessness, negligence, and liability producing conduct of the Defendants and was in no manner whatsoever due to any act or failure to act on the part of the Plaintiff.

20. As a sole result of the aforementioned accident caused by the careless, reckless, negligent and liability producing conduct of each of the Defendants, Plaintiff, **Charlene Joyner,** has sustained serious, painful and permanent injuries, internally and externally, to her head, body, neck, back, pelvis, chest, shoulders, arms, wrists, hands, fingers, legs, knees, ankles, and feet, and his bones, cartilages, ligaments, muscles, nerves, blood vessels and soft tissues attached

thereto were fractured, herniated, wrenched, bruised, and otherwise injured including, but not limited to disc protrusions, cervical radiculopathy, labral tear, concussion, sprain and strain in the spinal areas, RSD, nerve damage, reflex dystrophy syndrome, bilateral wrist strain and sprain, myositis; she suffered other serious and permanent orthopedic and neurological injuries, some or all of which are or may be aggravations of pre-existing conditions, the full extent of which have not as yet been ascertained; she suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

21. Further, by reason of the injuries sustained by Plaintiff, **Charlene Joyner**, she has suffered and will continue to suffer great mental anguish, physical pain, and she has been hindered and prevented from performing and engaging in her usual labor, employment, duties, occupations, household chores, and pleasures thereby resulting in a loss, depreciation and diminution of her earnings and earning capacity, all to her great and continuing detriment and loss.

22. Furthermore, Plaintiff, **Charlene Joyner**, has required various hospital, physician and medical treatment and care, and consequently he has incurred hospital, physicians and medical bills and expenses in and about an effort to cure herself of the aforesaid injuries, and she shall be obliged to continue to obtain hospital and medical treatment and to make such expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

23. As a direct and sole result of the accident, Plaintiff, **Charlene Joyner,** has or may hereinafter incur other financial expenses and/or losses, and also loss of services and loss of earnings and loss of earning capacity and other items of damage all to his great and continuing detriment and loss, and  claim for which is hereby also made and plaintiff further claims damages for the workers compensation lien that must be paid back from her recovery in this case.

24. As a further result of the instant occurrence, Plaintiff, **Charlene Joyner**, has suffered an injury which is, may and shall be in full or in part, a serious impairment of and/or a

Case ID: 220700782

permanent loss of a bodily function, a permanent serious disfigurement and/or a permanent dismemberment, which is or shall be permanent, irreparable and severe.

## Negligence of Product Defendants

25. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as fully as though set forth herein at length.

26. At all times pertinent hereto, and in the regular course of their business, product Defendants **OFM, Inc. and/or OFM, LLC.**, sold, distributed, manufactured, tested, inspected, supplied and/or otherwise offered for sale to the public, the subject chair which product(s) is/are the subject of this cause of action.

27. Plaintiff, **Charlene Joyner**, avers that the carelessness, recklessness and negligence of the Defendants, individually, jointly and/or severally, consisted, of the following:

   a) permitting the existence of the said dangerous condition with the chair to remain which constituted a dangerous condition to individuals using the chair;

   b) failing to warn or otherwise notify the Plaintiff, and others similarly situated;

   c) creating a dangerous condition with the chair;

   d) disregarding the rights, safety and position of the Plaintiff herein and others similarly situated;

   e) failing to correct or otherwise remedy the aforesaid dangerous/hazardous condition after being put on notice of same;

   f) failing to design and manufacture a safe chair that would not tip over as people would sit on it;

   g) failing to properly and adequately inspect the said chair to ascertain the existence of the dangerous and hazardous condition which existed;

   h) failing to properly and adequately repair the design defect or otherwise remove the dangerous condition of the chair;

   i) failing to provide adequate warning signs;

   j) failing to properly and adequately correct the hazardous, dangerous and unsafe condition of the chair;

   k) being otherwise careless, reckless and negligent;

Case ID: 220700782

l) failing to exercise due care under the circumstances;

m) allowing the slippery and/or weak and/or unstable chair and/or otherwise dangerous condition to be placed in the market for an unreasonably long period of time;

n) failing to remove the chair from the market;

o) failing to inspect the chair;

p) failing to use the required degree of due care for business invitees such as Plaintiff;

q) being otherwise negligent as may be more fully revealed during discovery or at the time of trial of this matter;

r) failing to provide adequate warning labels;

s) failing to properly exercise their/its duty of supervision and control;

t) failing to properly instruct his/its agents, servants, workmen, employees, representatives, business associates and/or contractors;

u) failing to properly design the chair so it would not tip over as people such as plaintiff would sit on it and put their feet on the circular foot rest;

v) failing to warn or otherwise notify the Plaintiff, and others similarly situated of the said defective or otherwise dangerous condition;

w) disregarding the rights, safety, and position of the Plaintiff, who was a ultimate user and/or consumer and/or business invitee and failing to use required degree of due care;

x) failing to warn that the chair was susceptible of suddenly moving when used by a person with a certain weight;

y) failing to use and/or provide different chairs;

z) failing to replace the chair with one that would not skid forward and/or tip over;

aa) failing to fix the chair;

bb) failing to enforce and follow proper quality control;

cc) failing to have sturdier chairs;

dd) failing to use a type of chair less susceptible to collapsing and/or falling and/or tipping over;

ee) failing to properly train his/its agents, servants, workmen, employees, representatives, business associates and/or contractors;

ff) failing to recommend a suitable chair for the particular use;

gg) failing to test the coefficient of friction;

hh) failing to perform ergonomic safety tests on the chair;

ii) failing to instruct the indifferent employees who clearly knew the dangerous chair of the chair before the incident who could of fix the design of the chair;

jj) failing to properly supervise his/its agents, servants, workmen, employees, representatives, business associates and/or contractors;

kk) failing to budget more money to the purchase and/or design and/or testing and/or inspection of the chair;

ll) failing to warn about the proper use of the chair and/or what type of floors or situations to use the chair on;

mm)      failing to employ properly trained and/or qualified employees in the manufacture, installation, inspection, assembly, testing, sale and/or distribution of the said product;

nn) failing to realize that the chairs would eventually collapse and/or fall and/or slide and/or tip and/or skid forward given its condition and/or makeup;

oo) failing to use a chair made of different material;

pp) failing to recommend an appropriate weight which would be safe for people sitting on the chair;

qq) failing to use stronger, heavier and/or better quality component parts;

rr) failing to replace the chair with one that would be more suitable under the circumstances;

ss) failing to provide proper instructions with the product(s);

tt) to have any warning signs;

uu) failing to use rubber feet on the chair so as to make it less susceptible to moving;

vv) failing to construct a chair less likely to tip and/or skid and/or slide:

ww)      failing provide a chair that was proper for commercial use;

xx) failing to have longer and/or wider wheels thereby making a chair less susceptible to moving;

yy) failing to make the chair heavier and/or put stopping mechanisms on the wheels so as to prevent it from tipping and/or moving;

zz) selling the product(s) without proper instructions and warnings;

aaa)      failing to warn that use by certain set of people and/or users could cause the chair to move dangerously;

Case ID: 220700782

bbb)      failing to perform its duties under the warranty;

ccc)      failing to heed warnings that indicated a problem with the chair;

ddd)      failing to alert the buyers and the Plaintiff of the problems with the chair;

eee)      failing to construct the chair out of skid resistant materials;

fff) manufacturing and designing said product(s) prone to sliding and/or tipping and/or unexpectedly moving about;

ggg)      allowing the manufacture, assembly, production, processing, inspection, sale, distribution, testing, supply and/or placing in the stream of commerce the chair and all related hardware even though they knew, or should have known in the exercise of ordinary care, that the same was inherently dangerous, deleterious or otherwise highly defective and that consumers and/or persons such as Plaintiff could be injured.

hhh)      failing to remove the foot rest;

iii) failing to design the footrest so the chair would not move or tip when individuals put their feet on it.

28. As a direct and sole result of the aforesaid careless, reckless, and negligence of the Defendants, Plaintiff, **Charlene Joyner** sustained serious, painful and permanent orthopedic and neurological injuries.

## COUNT ONE
## CHARLENE JOYNER vs. OFM, INC.

29. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as fully as though set forth herein at length.

30. As a direct and sole result of the aforesaid careless, reckless, and negligence of the Defendants, Plaintiff, **Charlene Joyner** sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Charlene Joyner**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

Case ID: 220700782

## COUNT TWO
## CHARLENE JOYNER vs. OFM, LLC.

31. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as fully as though set forth herein at length.

32. As a direct and sole result of the aforesaid careless, reckless, and negligence of the Defendants, Plaintiff, **Charlene Joyner** sustained serious, painful and permanent orthopedic and neurological injuries.

    **WHEREFORE**, Plaintiff, **Charlene Joyner**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## COUNT THREE
## CHARLENE JOYNER vs.  JOHN DOE

33. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as fully as though set forth herein at length.

34. As a direct and sole result of the aforesaid careless, reckless, and negligence of the Defendants, Plaintiff, **Charlene Joyner** sustained serious, painful and permanent orthopedic and neurological injuries.

    **WHEREFORE**, Plaintiff, **Charlene Joyner**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## Strict Liability

35. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as fully as though set forth herein at length.

Case ID: 220700782

36. At all times material and relevant hereto, Defendants, **OFM, Inc. and/or OFM, LLC.**, were in the business of designing, producing, processing, manufacturing, selling, distributing, testing, inspecting, supplying and/or otherwise placing in the stream of commerce the aforementioned chair and/or product which Product(s) is/are the subject of this cause of action and which product(s) caused Plaintiff to sustain her injuries.  See exhibit "A."

37. At all times material and relevant hereto, Defendants, **OFM, Inc. and/or OFM, LLC.**, knew, or in the exercise of reasonable care should and/or could have known, that the aforesaid product and/or chair would be sold to the public, and used by members of the public including but not limited to the Plaintiff  and  others similarly situated, and that the said product would be relied upon by such persons to be fit for use and/or consumption and to accomplish the purpose for which it was manufactured, produced, processed, sold, designed, supplied, installed, distributed and/or otherwise placed in the stream of commerce.

38. At all times material and relevant hereto, Defendants, **OFM, Inc. and/or OFM, LLC**, knew or in the exercise of ordinary care should and/or could have known that their aforesaid product and/or chair was inherently defective, ultra-hazardous, unreasonably dangerous, or otherwise highly harmful to ultimate users and/or Plaintiff and/or other persons and/or consumers and/or others similarly situated or likely to come into contact with the said product.

39. Defendants, **OFM, Inc. and/or OFM, LLC.**, failed to adequately warn consumers about the dangers, the risks of harm, and the defects of the chairs it marketed, sold, distributed, and shipped.

40. Relying on the skill, expertise, experience and knowledge of the defendants, plaintiff used the chair and/or otherwise came into contact with the product as set forth above.

41. Defendant, **OFM, Inc. and/or OFM, LLC,** is/are strictly liable to the Plaintiff for the following reasons:

Case ID: 220700782

a)   Said Defendant as manufacturers and sellers, and/or other business entity is engaged in the business, inter alia, of manufacturing, producing, processing, testing, inspecting, designing, selling, distributing, installing, supplying, maintaining and monitoring products, including those more particularly identified aforesaid;

b)   At the time of the manufacture, use, production, processing, sale, installation, design, distribution, supply, maintenance and monitoring of the said product(s) to or for the Plaintiff, Defendants, **OFM, Inc. and/or OFM, LLC.**, knew or had reason to know that the said product(s) would be used by the Plaintiff and/or others similarly situated as ultimate users and/or consumers;

c)   The said product(s) was/were designed, manufactured, assembled, tested, inspected, installed, distributed, supplied and/or otherwise placed in the stream of commerce by Defendants, **OFM, Inc. and/or OFM, LLC.**, in a defective and unreasonably dangerous condition to the Plaintiff and others similarly situated as users or consumers and said product was expected to and reached the Plaintiff without substantial change in the defective and/or dangerous condition in which it was manufactured, sold and later used;

d)   Said product(s) was/were defective, outdated and incapable of being made safe for its/their ordinary and intended use and purpose and/or was unreasonably dangerous and said Defendants failed to give adequate or sufficient warnings and instructions to Plaintiff and other persons similarly situated of the risk, dangers and harm inherent in the use of said product;

e)   The ordinary foreseeable use of the said product in the condition in which it was sold was intrinsically dangerous and/or ultra-hazardous;

f)   The materials used in the manufacturer of the product(s) was/were not strong enough nor sufficient to keep it from tipping and/or failing thereby making the product unreasonably dangerous;

g)   At the time of the permitted use of said Defendant's product(s) by Plaintiff, the Defendants, **OFM, Inc. and/or OFM, LLC**, knew or should have known that the said product(s) would be used by the Plaintiff and others similarly situated with the express consent, permission and encouragement of the Defendants;

h)   The said product(s) was/were designed, manufactured, assembled, leased, distributed, tested, inspected, supplied and/or placed in the stream of commerce in a defective and unreasonably dangerous condition and was used, possessed and maintained by Defendants in such a condition that Plaintiff and others similarly situated as users and/or consumers and/or individuals would otherwise be caused to come into contact with said product(s);

i)   Said product(s) was/were defective and incapable of being made safe for its/their ordinary and intended use and purpose and/or was unreasonably dangerous and said Defendants failed to give adequate or sufficient warning and instructions to Plaintiff and other persons similarly situated of the risk, dangers and harm inherent in the use of said product(s);

Case ID: 220700782

j)   The ordinary foreseeable use of the said chair and/or product(s) in the condition in which Defendants allowed, permitted and encouraged was an intrinsically dangerous and/or ultra-hazardous activity;

k)   Said chair and/or product(s) was/were not provided with proper and adequate warnings in its use;

l)   Said chair and/or product was/were not fit for its intended use and/or purposes;

m)   Said chair and/or product was unreasonably dangerous for its intended and foreseeable use;

n)   Said chair and/or product was susceptible to tipping over and/or skidding out from under the user and/or sliding and/or otherwise moving unexpectedly;

o)   The defective condition of said chair and/or product proximately caused the plaintiff to fall from it and thereby caused the injuries sustained by Plaintiff;

p)   At the time of the incident, the chair and/or product was used as it's manufacturers' and/or Defendants had intended and without substantial change in the condition in which it was sold;

q)   Said chair and/or product was not heavy or sturdy enough to prevent it from tipping or failing when the anticipated amount of pressure was placed on it;

r)   Said chair and/or product was dangerous to an extent beyond that which would be contemplated by the ordinary consumer;

s)   Said chair and/or product was susceptible of collapsing and/or moving unexpectanly and or skidding from under the user and/or tipping forward as the user would use the circular foot rest  in the manner intended;

t)   Said chair and/or product had defective materials;

u)   The use of the product(s) was foreseeable by the Defendants;

v)   Failure to warn the Plaintiff;

w)   Said chair and/or product was susceptible of failing when used in the manner intended

x)   The danger of the subject product or chair was unknowable and/or unacceptable to the average or ordinary consumer;

y)   The subject product is dangerous beyond the reasonable consumer's contemplations.

Case ID: 220700782

42. Defendant, **OFM, Inc. and/or OFM, LLC**, are strictly liable to Plaintiff, pursuant to Section 402A of the Restatement of Torts 2nd, which is incorporated herein by reference as if fully set forth at length, in that each chair and/or product(s) was defective and/or unreasonably dangerous when sold and created the unreasonable and foreseeable risk of injury or harm to the foreseeable users thereof and was negligently and carelessly designed and manufactured.

43. Defendant, **OFM, Inc. and/or OFM, LLC**, are strictly liable to Plaintiff pursuant to Section 402A of the Restatement of Torts 2nd and also under other Pennsylvania laws in that the said product(s) was/were defective when designed and/or manufactured and/or sold and/or maintained and/or controlled and/or inspected and/or tested and/or possessed by the Defendants and created an unreasonable risk of injury or harm to the foreseeable users thereof and was negligently and carelessly possessed, controlled, and maintained by Defendants in providing said defective product(s) and allowing Plaintiff to come into contact with same.

44. At all relevant times, **OFM, Inc. and/or OFM, LLC**, were engaged in and responsible for the business of designing, manufacturing, marketing, testing, labeling, selling, distributing and placing the chairs into the stream of commerce, including the subject product(s) used by Temple University Hospital.

45. When they left the custody and control of **OFM, Inc. and/or OFM, LLC**, the design and formulation of the chair was/were both defective and unreasonably dangerous.

46. The chair and its/their component parts reached Plaintiff in the condition expected and intended by **OFM, Inc. and/or OFM, LLC.**

47. Plaintiff and Temple University Hospital used the chair and the component parts for their intended and foreseeable purpose, and in the manner anticipated by **OFM, Inc. and/or OFM, LLC.**

48. There were safer alternative designs and formulations for the chair and component parts other than the one used. These safer and alternative designs were economically and technologically feasible and would have prevented or significantly reduced the risk of injuries.

49. The defective design of the chair directly and proximately caused Plaintiff's injuries.

50. The defective manufacture and/or sale and/or distribution of the chair by Defendant, **OFM, Inc. and/or OFM, LLC** directly and proximately caused Plaintiff's injuries.

51. When the chair left the custody and control of Defendants, **OFM, Inc. and/or OFM, LLC**, the chair(s) was/were unreasonably dangerous because it/they contained warnings insufficient to alert consumers and users, such as Plaintiff of the dangers and risks associated with the use of the chair.

52. Defendant, **OFM, Inc. and/or OFM, LLC**, failed to provide adequate warning of such risks, which were known or by the application of reasonably developed human skill and foresight should have been known, and it is further believed and therefore averred that **OFM, Inc. and/or OFM, LLC** further failed to give adequate instructions to avoid such dangers.

53. Defendant, **OFM, Inc. and/or OFM, LLC** 's failure to provide adequate warnings and instruction rendered its chairs dangerous to an extent beyond that which would be contemplated by an ordinary user with ordinary knowledge common to the community at large as to the products characteristics.

54. The failure of Defendant, **OFM, Inc. and/or OFM, LLC**, to provide adequate warnings and instructions rendered the product unreasonably dangerous as marketed.

55. The defective marketing and design and manufacture of the chair directly and proximately caused Plaintiff's injuries.

56. At all times material, defendants placed in the stream of commerce various quantities of the subject product with the knowledge and intent that the same would be sold through various wholesale distributors and/or retail outlets and/or stores to members of the public and/or employers for use by their employees.

Case ID: 220700782

## COUNT FOUR
### CHARLENE JOYNER vs. OFM, INC.
#### (Strict Liability)

57. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as fully as though set forth herein at length.

58. As a direct and sole result of the aforesaid careless, reckless, and negligence of the Defendants, Plaintiff, **Charlene Joyner** sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Charlene Joyner**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## COUNT FIVE
### CHARLENE JOYNER vs. OFM, LLC.
#### (Strict Liability)

59. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as fully as though set forth herein at length.

60. As a direct and sole result of the aforesaid careless, reckless, and negligence of the Defendants, Plaintiff, **Charlene Joyner** sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Charlene Joyner**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## COUNT SIX
### CHARLENE JOYNER vs. JOHN DOE
#### (Strict Liability)

61. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as fully as though set forth herein at length.

Case ID: 220700782

62. As a direct and sole result of the aforesaid careless, reckless, and negligence of the Defendants, Plaintiff, **Charlene Joyner** sustained serious, painful and permanent orthopedic and neurological injuries.

   **WHEREFORE**, Plaintiff, **Charlene Joyner**, claims damages of the Defendants**,** individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## BREACH OF WARRANTIES

63. Plaintiff hereby incorporates by reference each and every allegation contained in preceding paragraphs as fully as though set forth herein at length.

64. At all times herein material, Defendant(s) failed to notice and/or properly repair the problem which was causing the chair and/or product to tip over and/or move forward and or cause people sitting on it to fall and/or to otherwise fail, while people were using it.

65. At all times herein material, the chair was/were not working properly, which went unnoticed and/or not properly addressed by Defendant(s) despite repeated complaints that there existed such a problem with the chair and/or product and/or accompanying apparatus.

66. Failure to perform its/their duties under the preventive maintenance and/or repair and/or service and/or warranty contract resulted in the incident and it is further averred that Defendant(s) failed to correct the problem that existed with the chair and/or product and/or component parts.

67. The Defendants, individually, jointly and/or severally, impliedly and expressly warranted that their aforesaid product was merchantable, usable, safe, reasonably fit for use and consumption and safe for its intended purpose and as such would not cause harm to Plaintiff and others similarly situated.

68. In addition to the foregoing, said Defendants knew or had reason to know that the Plaintiff or others similarly situated would be handling or otherwise using the said product for its reasonable and foreseeable use and purpose and that Plaintiff and others similarly situated

and/or others who came into contact with the said product would rely on the skill and judgment of said Defendants to select and furnish products suitable and fit for such a particular purpose and said Defendants therefore impliedly and/or expressly warranted that the said product was fit for such uses and purposes before, during and after its sale to, consumption, use and/or purchase by the Plaintiff and/or plaintiff's employer.

69. It is believed that the chair and/or product and/or accompanying apparatus was defective and/or negligently designed.

70. The chair and/or product and/or accompanying apparatus and its component parts was/were designed with weak components, and further in a fashion which rendered it/them susceptible to failing and/or tipping and/or breaking and/or moving forward.

71. Defendants did design and manufacture the subject chair and/or product and/or accompanying apparatus and Defendants made express and implied warranties that the chair and/or product was safe and/or made of quality materials and/or fit for its intended purposes and/or of commercial grade and/or appropriate for use as herein described.

72. The Defendants breached the aforesaid expressed and/or implied warranties to the Plaintiff and/or others in that their product was unmerchantable, inherently defective, outdated, ultra-hazardous, dangerous, unfit for use, not safe for its intended purpose and/or unfit for the aforesaid particular purpose of which said Defendants knew or had reason to know.

73. Defendants had an implied and/or expressed contractual obligation to Plaintiff to assure that Plaintiff's health would not be adversely affected by her use of and/or contact with said product and at all times herein material Plaintiff was an intended beneficiary of any applicable contract concerning the sale of the product in question.

74. Defendants had an obligation to Plaintiff to assure that Plaintiff's health would not be adversely affected by her use of and/or contact with said product and at all times herein material Plaintiff was an intended beneficiary of any applicable contract concerning the sale of the product in question.

75. Product Defendants breached their warranty/warranties in that the subject chair and/or product and/or accompanying apparatus and its/their component parts were not fit and proper for their intended use.

76. Defendants breach of warranty/warranties directly and proximately caused Plaintiff's injuries.

77. Plaintiff, Ms. Joyner is a third-party beneficiary to the sale of the product.

78. Plaintiff was working as a nurse when she sat on the chair and/or product and was caused to fall off it, and it is further averred that Defendants, should reasonably have expected Plaintiff and others similarly situated to have been affected by, come into contact with, and/or be an end user of the product(s).

79. Defendants manufactured and/or designed the said product and did warrant that it was proper and safe for its intended use.

80. Plaintiff, as a beneficiary, does not have a copy of the contract(s) at issue, and thus cannot attach it to this complaint.

81. As a direct and proximate result of the Defendants' breach of implied and/or expressed warranties, the Plaintiff suffered those injuries and damages more particularly described aforesaid and will continue to suffer the same into the future.

### COUNT SEVEN
### Charlene Joyner vs. OFM, INC
### (Breach of Express Warranty)

82. Plaintiffs hereby incorporate by reference each and every allegation contained in preceding paragraphs as fully as though set forth herein at length.

83. As a result of the aforementioned breach of express warranty, negligence and carelessness of the Defendants individually, jointly and/or severally, Plaintiff sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff claims damages of the Defendants, individually, jointly and/or severally for an amount in excess of Fifty Thousand Dollars ($50,000.00).

Case ID: 220700782

## COUNT EIGHT
### CHARLENE JOYNER vs. OFM, INC
**(Breach of Implied Warranties)**

84. Plaintiffs hereby incorporate by reference each and every allegation contained in preceding paragraphs as fully as though set forth herein at length.

85. As a result of the aforementioned breach of implied warranty, negligence and carelessness of the Defendants individually, jointly and/or severally, Plaintiff sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT NINE
### Charlene JOYNER v OFM, LLC
**(Breach of Express Warranty)**

86. Plaintiffs hereby incorporate by reference each and every allegation contained in preceding paragraphs as fully as though set forth herein at length.

87. As a result of the aforementioned breach of express warranty, negligence and carelessness of the Defendants individually, jointly and/or severally, Plaintiff sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff claims damages of the Defendant, individually, jointly and/or severally for an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT TEN
### CHARLENE JOYNER V OFM, LLC
**(Breach of Implied Warranties)**

88. Plaintiffs hereby incorporate by reference each and every allegation contained in preceding paragraphs as fully as though set forth herein at length.

89. As a result of the aforementioned breach of implied warranty, negligence and carelessness of the Defendants individually, jointly and/or severally, Plaintiff sustained serious, painful and permanent orthopedic and neurological injuries.

Case ID: 220700782

**WHEREFORE**, Plaintiff claims damages of the Defendant, individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50,000.00).

### COUNT ELEVEN
### CHARLENE JOYNER v JOHN DOE
### (Breach of Express Warranty)

90. Plaintiffs hereby incorporate by reference each and every allegation contained in preceding paragraphs as fully as though set forth herein at length.

91. As a result of the aforementioned breach of express warranty, negligence and carelessness of the Defendants individually, jointly and/or severally, Plaintiff sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff claims damages of the Defendant, individually, jointly and/or severally for an amount in excess of Fifty Thousand Dollars ($50,000.00).

### COUNT TWELVE
### CHARLENE JOYNER V JOHN DOE.
### (Breach of Implied Warranties)

92. Plaintiffs hereby incorporate by reference each and every allegation contained in preceding paragraphs as fully as though set forth herein at length.

93. As a result of the aforementioned breach of implied warranty, negligence and carelessness of the Defendants individually, jointly and/or severally, Plaintiff sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff claims damages of the Defendant, individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50,000.00).

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**

By: **/s/ Louis B. Himmelstein**
LOUIS B. HIMMELSTEIN, ESQUIRE

Case ID: 220700782



Case ID: 220700782



TSCA TITLE VI COMPLIANT

OFM, Inc.
Furniture for the Real Office
Model #
119
www.ofminc.com

WARNING
PLEASE READ CAREFULLY

PO#: 707427-001
MFG-Date: Jul-2020

Case ID: 220700782

DocuSign Envelope ID: EA0C4C90-1148-447C-8CC8-FFC05A36728F

**VERIFICATION**

The undersigned, hereby deposes and says that the facts set forth in the attached petition are true and correct to the best of my knowledge, information and belief; and I realize that statements made herein are subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

Filed and Attested by the
Office of Judicial Records
16 JUL 2022 02:06 am
S. RICE

DocuSigned by:

1BC2F511C70847C...

Case ID: 220700782

## AFFIDAVIT OF SERVICE

| | | | |
|---|---|---|---|
| **Case:** 220700782 | **Court:** Pennsylvania Court of Common Pleas | **County:** Philadelphia | |
| **Plaintiff / Petitioner:** Charlene Joyner | | **Defendant / Respondent:** OFM, Inc., et al | |
| **Received by:** Legal-Ease Enterprises | | **For:** Louis B. Himmelstein & Associates, P.C. | |
| **To be served upon:** OFM, LLC. | | | |

*PREVIEW ONLY*

I, Joselynn Cook, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   OFM, LLC., Company: 161 Tradition Trl, Holly Springs, NC 27540

**Manner of Service:**   Mail, Jul 18, 2022, 11:36 am EDT

**Documents:**

*PREVIEW ONLY*

**Additional Comments:**
1) Successful Attempt: Jul 18, 2022, 11:36 am EDT at Company: 161 Tradition Trl, Holly Springs, NC 27540 received by OFM, LLC..
Certified mail. See the attached.

07/19/2022

*PREVIEW ONLY*

Joselynn Cook

Legal-Ease Enterprises
2424 E York Street, Suite 321
Philadelphia, PA 19125

*PREVIEW ONLY*

*PREVIEW ONLY*

## AFFIDAVIT OF SERVICE

| Case:<br>220700782 | Court:<br>Pennsylvania Court of Common Pleas | County<br>Philade phia |
| --- | --- | --- |
| Plaintiff / Petitioner:<br>Charlene Joyner | | Defendant / Respondent:<br>OFM, inc., et al |
| Received by:<br>Legal-Ease Enterprises | | For:<br>Louis B. Himmelstein & Associates, P.C. |
| To be served upon:<br>OFM, Inc. | | |

Filed and Attested by the
Office of Judicial Records
22 JUL 2022 02:44 pm
B. MERCEDES

I, Fred Lane, being duly sworn, depose and say, I am over the age of 18 years and not a party to this action and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Dan Grady, Corporate: 161 Tradition Trl, Holly Springs, NC 27540

Manner of Service:   Authorized, Jul 22, 2022, 12:30 pm EDT

Documents:   Cover Sheet, Complaint, Verification, Exhibit A

Additional Comments:
1) Successful Attempt: Jul 22, 2022, 12:30 pm at Corporate: 161 Tradition Trl, Holly Springs, NC 27540. Received by Dan Grady. Age: 50; Ethnicity: Caucasian; Gender: Male; Weight: 200; Height: 6'0"; Hair: Other; Relationship: VP of Finance
Person In Charge at business

_Fred Lane_   7-22-22

Fred Lane                         Date

Legal-Ease Enterprises
2424 E. York St., Suite 321
Philadelphia, PA 19125